# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                       **Case No: 8:25-cr-299-VMC-NHA**

**LEO JOSEPH GOVONI**

_____/

## ORDER OF DETENTION PENDING TRIAL

On Monday, June 23, 2025, federal agents arrested Defendant Leo Joseph Govoni pursuant to a fifteen count Indictment charging him with one count of conspiracy to commit mail fraud and wire fraud (Count One), four counts of mail fraud (Counts Two through Five), six counts of wire fraud (Counts Six through Eleven), one count of money laundering conspiracy (Count Twelve), one count bank fraud (Count Thirteen), one count illegal monetary transaction (Count Fourteen), and one count false bankruptcy declaration (Count Fifteen). (Doc. 1).

That same day, Mr. Govoni had his initial appearance before the court. (Doc. 29). At his initial appearance, the government indicated it was a very close call but that it was not requesting a detention hearing and instead intended to request heightened bond conditions and a $1 million secured bond.

1

(Doc. 8). Based on the information before the court, the court exercised its statutory right under 18 U.S.C. § 3142(f)(2)(A) and (B) to move for a detention hearing. Consequently, the government requested a brief, three-day continuance for additional time to prepare for the detention hearing, plus to give adequate notice for any victims to exercise their right under 18 U.S.C. § 3771(a)(4) to be reasonably heard at the detention hearing.

Just prior to the June 26, 2025 detention hearing, the government filed nine letters from victims and their representatives. (Doc. 32). Then, at the beginning of the hearing, the court heard from parents Theresa Schlosser and Amparo Perales. The court also heard from John Dicks, counsel for the Chapter 11 Bankruptcy Trustee, over Mr. Govoni's relevance objection. After concluding no other individuals wished to exercise their right to be heard under 18 U.S.C. § 3771(a)(4), the court heard arguments from counsel.

Rather than request heightened bond conditions, the government argued for detention at the detention hearing. After considering the nature and circumstances of Mr. Govoni's alleged conduct, Mr. Govoni's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the court concludes Mr. Govoni must be detained pending trial.

2

More specifically, the credible testimony and information proffered at the hearing establishes, by a preponderance of the evidence, that no conditions of release will reasonably ensure Mr. Govoni's appearance as required, in that: (1) if convicted, Mr. Govoni is facing 30 years in prison if sentenced so that his sentences run concurrently, and 265 years in prison, if sentenced so that his sentences run consecutively; (2) Mr. Govoni is accused of embezzling approximately $100 million over a 15 year period from individuals with special needs who had entrusted their money to Mr. Govoni for safekeeping so it could be available to pay their medical bills and other necessities — instead Mr. Govoni is accused of spending that $100 million on luxury items ranging from real estate to a private airplane to a club box at Raymond James Stadium; (3) within approximately the last year, Mr. Govoni, via other of his entities, sold $6 million worth of real estate that netted $1.5 million and the bankruptcy trustee has been unable to locate the $1.5 million for the benefit of the trust beneficiaries; (4) the government and the Chapter 11 Trustee have concerns that Mr. Govoni has significantly more assets available to him than what they have been able to locate to date; (5) after receiving grand jury subpoenas, Mr. Govoni began a series of large financial transactions in an effort to transfer a total of over $1 million from his bank accounts to bank accounts in his wife's name only; (6) after being told in the bankruptcy proceeding that he could no

3

longer operate Big Storm Brewery and his other entities, he refused to allow access by the chief restructuring officers appointed by the bankruptcy court to run them, removed expensive equipment without permission, accessed/trespassed the premises, and later tricked a graphic designer at Big Storm Brewery to prepare and file corporate dissolution papers for the entities with the State of Florida without telling that person that he was not permitted to do that; (7) Bankruptcy Judge Roberta Colton concluded in a June 12, 2025 Final Order of Contempt that Mr. Govoni "willfully disobeyed" three bankruptcy court discovery orders and sanctioned him with a daily $5,000 sanction until he provides the financial records he owes the Chapter 11 Trustee; and (8) Bankruptcy Judge Colton also concluded Mr. Govoni had stonewalled the Chapter 11 Trustee's collection efforts and that Mr. Govoni's "recalcitrance has impeded [the Trustee's] ability to execute on the Judgement." The offer of electronic monitoring and a bond secured by property the government argues is subject to forfeiture in this case anyway is insufficient to assure the defendant's presence in court.   It is therefore,

**ORDERED:**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being

4

held in custody pending appeal.    The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED in Tampa, Florida, on June 27, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

5