## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No.  8:25-cr-299-VMC-NHA |
| v. | |
| | |
| LEO JOSEPH GOVONI | |

### MOTION FOR REVOCATION OF ORDER OF DETENTION PENDING TRIAL AND APPEAL TO DISTRICT COURT PURSUANT TO 18 U.S.C. § 3145(b) TO REQUEST FOR PRETRIAL RELEASE

Defendant Leo Joseph Govoni, by and through his undersigned counsel, pursuant to 18 U.S.C. § 3145(b), hereby moves this Honorable Court for review of the detention order and revoke the detention imposed in the instant case and for the entry, in its place, of an order of pretrial release.  In support therefore, Mr. Govoni states as follows:

1.      Leo Joseph Govoni is charged in the instant case pursuant to a fifteen count Indictment charging him with one count of conspiracy to commit mail fraud and wire fraud (Count One), four counts of mail fraud (Counts Two through Five), six counts of wire fraud (Counts Six through Eleven), one count of money laundering conspiracy (Count Twelve), one count of bank fraud (Count Thirteen), one count illegal monetary transaction (Count Fourteen), and one false bankruptcy declaration (Count Fifteen) (Docs. 1, 37).

2.      Mr. Govoni was arrested on June 23, 2025, and had his initial

appearance before the Court (Doc. 29).  At the hearing, the Government indicated that it was not seeking detention but was requesting a $1 million secured bond.  However, upon the Court's discretion, the Court moved for a detention hearing under 18 U.S.C. § 3142(f)(2)(A) and (B).  The Court gave the Government an additional three days to prepare plus time in which to provide notice to victims to exercise their right under 18 U.S.C. § 3771(a)(4) to be heard at the detention hearing.

3.  A detention hearing was held on June 26, 2025, before United States Magistrate Judge Amanda Arnold Sansone (Doc. 36), in which the Government changed its position regarding pre-trial release and sought pretrial detention of Mr. Govoni.  The court considered nine letters filed with the court from victims and their representatives, along with statements made by parents, Theresa Schlosser and Amparo Perales under 18 U.S.C. § 3771(a)(4).  The Court also heard statements from John Dicks, counsel for the Chapter 11 Bankruptcy Trustee, over the undersigned's objections to relevancy.

4.  At the conclusion of the hearing, the Court orally ordered Mr. Govoni detained.  The following day, the Court entered an Order of Detention Pending Trial, stating that it has determined that under the factors set forth in 18 U.S.C. § 3142(c) and (g) that Mr. Govoni must be detained pending trial because the Government has met the "preponderance of the evidence [standard] that no conditions of release will reasonably ensure Mr. Govoni's appearance as required."  (Doc. 37).  The transcript of the hearing further demonstrates the Government's position for detention was primarily based on 18 U.S.C. § 3142(f)(2)(B), stating that it was "moving for detention

under 3142(f)(2)(A) and (B), but particularly focusing on (f)(2)(B) which concerns whether the defendant presents a serious risk that he will obstruct justice if allowed to be out on bond conditions." (Doc. 41, p. 22:10-15). The Government further stated that "obstruction here really does dovetail with (f)(2)(A), danger to the community" and that he "present[s] a very real danger to the community if he was in a position where he could further dissipate assets, dissolve companies, hide assets, transfer assets, all of those things would endanger" the alleged victims in the case. (Id., pp. 22:15-16, 23-25, 23:1-2).

5.     The Government's position that Mr. Govoni is a danger to the community was further highlighted by the discussion of letters and statements made by the alleged victims during the detention hearing.

6.     A review of the facts and circumstances surrounding this case establish that Mr. Govoni is not a flight risk or a danger to the community. There are conditions or combination of conditions of release that can be entered to ensure Mr. Govoni's appearance at future hearings. Consequently, the Order of Detention fails to articulate how there are no reasonable conditions of release which are insufficient to ensure Mr. Govoni's appearance. For the reasons discussed more fully below, Mr. Govoni asks this Court to review and revoke the order of detention and to enter, in its place an order for pretrial release with conditions of release imposed as this Court finds appropriate.

## MEMORANDUM OF LAW

### STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3145(b) a district court has the authority to review a magistrate judge's order of pretrial release or detention.  The Eleventh Circuit has held that, in reviewing a magistrate judge's detention order, presents mixed questions of law and fact subject to plenary review, requiring the Court to exercise independent consideration of all the facts.  *See United States v. King*, 849 F.2d 485, 487 (11th Cir. 1988) (interpreting *United States v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985) to require a *de novo* review of the order of detention of pretrial release).

### LEGAL ARGUMENT

The Bail Reform Act of 1984 provides the procedures to be followed in determining whether a defendant should be released pending trial.  18 U.S.C. § 3142. In this regard, a judicial officer is to detain a defendant pending trial only if "the judicial officer finds that *no* condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1) (emphasis added).  Here, the rebuttable presumptions in favor of detention, which are set forth in § 3142(e)(2) and (3), do not apply.  Therefore, the Government bore the burden to prove by 1) clear and convincing evidence that Mr. Govoni was a danger to the community and/or by 2) a preponderance of the evidence that Mr. Govoni was a flight risk.  *United States v. Salerno¸* 481 U.S. 739, 750 (1987); *United States v. Quartermaine,* 913 F.2d 910, 917 (11th

Cir. 1990); *United States v. King*, 849 F.2d at 488-49. The Government failed to prove either at the detention hearing.

Pursuant to 18 U.S.C. § 3142(g), sets forth the factors the Court must consider in determining whether a defendant should be released or detained, which are:

1) the nature and the circumstances of offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destruction device;
2) the weight of evidence against the person;
3) the history and characteristics of the person, including –
   (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing appeal, or completion of sentence for an offense under Federal, State, or local law; and
4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering the factors set forth above, the Government failed to meet its burden by a preponderance of the evidence that Mr. Govoni is a flight risk. The Government's evidence generally was speculative at best. Further, the Government's focus on 18 U.S.C. § 3142 (f)(2)(B) for detainment on the theory regarding Mr. Govoni being a danger to the community, is questionable as this is an economics fraud case with none of the counts relating to violence in any manner. Moreover, this section of

the statute carries a heavier burden of proof based on a clear and convincing standard of evidence. *See Colorado v. New Mexico,* 467 U.S. 310, 316 (1984) (explaining that the clear and convincing evidence of dangerousness means when the evidence produces "an abiding conviction that the truth of its factual contentions are 'highly probable.'" (citation omitted)); *Addington v. Texas,* 441 U.S. 418, 423-25 (1979) (clarifying that the "clear and convincing" evidence standard requires more than a preponderance of evidence, but less than evidence exhibiting a fact beyond a reasonable doubt.). Clearly the Government failing to establish a risk of flight based on a preponderance of evidence standard, similarly fails in establishing under the heightened clear and convincing standard that Mr. Govoni is danger to the community. Here, the Court based its detention order under 18 U.S.C. § 3142 (c) and (g), that the Government established based on a preponderance of the evidence standard that no conditions of pretrial release would reasonably assure Mr. Govoni's appearance. (Doc. 37). The Court, therefore, took into consideration of Mr. Govoni being a danger to the community under the factors set forth in 18 U.S.C. § 3142(g) without deciding that the Government established by clear and convincing evidence that he was a danger to the community. The Court's decision on detainment was in error.

The Unites States Supreme Court has expressly held that "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. at 755 (emphasis added). Therefore, detention is only required if a defendant poses a serious risk of flight or is a danger to the community in "which no set of conditions of release can dispel." *Id.* As aptly held, "only in rare

6

circumstances should release be denied," and "[d]oubts regarding the proprietary of release should be resolved in favor of the defendant." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). These Court rulings further underscore that under the Bail Reform Act, the charges involved in this case, present a statutory presumption that Mr. Govoni must be released pending trial. *See United States v. Riccardi*, No. 02-M-8039-01, 2002 U.S. Dist. LEXIS 11919, *3 (D. Kan. Jan. 26, 2002) ("By its very language, the [Bail Reform] Act demonstrates its favorable inclination toward pretrial release of federal criminal defendants."); *United States v. DeBeir*, 16 F. Supp. 2d 592, 593 (D. Md. 1998) ("The Bail Reform Act favors release of defendants awaiting trial.") (citing *United States v. Byrd,* 969 F.2d 106, 109 (5th Cir. 1992)). It is not the norm to detain a defendant in an economic frauds case such as this, nor has the spirit of the Bail Reform Act been followed by detaining Mr. Govoni.

The Court's Order of Detention did "not dispel" that there were no set of conditions or a combination of conditions of release that would ensure Mr. Govoni's presence at trial. To briefly summarize, numerous factors heavily weigh in favor of pre-trial release, including this is an economics case, not a case involving a crime of violence, Mr. Govoni has no prior criminal history, has no prior history of drug or alcohol abuse, has no prior history of risk of flight, and the Government's evidence regarding possible future fraudulent activity were largely speculative at best.

    a. <u>The nature and the circumstances of offense charged, including whether the offense is a crime of violence and the weight of the evidence</u>

Significantly, none of the listed charges against Mr. Govoni involve a crime of

violence but only alleged economic fraud. *See e.g. United States v. Giordano*, 370 F. Supp. 2d 1256, 1266 (S.D. Fla. 2005) (explaining that "[i]n any economic fraud case, of course the evidence is often circumstantial, reliant on complicated accounting testimony, and subject to interpretation" and that the "Government also has a difficult burden of proving criminal intent[.]").  As indicated, Mr. Govoni, not being charged with a crime of violence, favors pre-trial release.  Further, in considering the complexity of this case, the Government has a difficult burden in establishing criminal intent.  *Id.*  Moreover, the Government has not set forth competent evidence establishing that Mr. Govoni is a flight risk.  The fact, as considered by this Court that Mr. Govoni's charged crimes may result in him spending the rest of his life in jail, is not dispositive in determining that he should be detained.  *See United States v. Kaplowitz,* No. 14-20323-CR-ALTONAGA, 2014 U.S. Dist. LEXIS 70399 (S.D. Fla. May 22, 2014) (involving counts of conspiracy to commit health care fraud, wire fraud, and healthcare kickbacks, the Court released defendants explaining that the first two statutory factors are not the most significant considerations).   Further emphasizing that Mr. Govoni's release is appropriate, a court's consideration of the first "two statutory factors [of 18 U.S.C. § 3142(g) are not the most significant in showing [he] pose[s] a risk of fleeing." *Id.* at *13.  Rather, "the weight of the evidence is the least important of the various factors" as "the statute neither requires nor permits a pretrial determination that the person is guilty." *United States v. Motamedi,* 767 F.2d at 1408. Thus, "[i]n  . . . cases concerning risk of flight, . . . require more than evidence of the commission of a serious crime and the fact of potentially long sentence [are necessary]

to support a finding of risk of flight." *United States v. Friedman*, 837 F.2d 48, 50 (2d Cir. 1988); *See also United States v. Giordano*, 370 F. Supp. 2d at 1264 (citing *Friedman*). In this respect, the detention hearing seemed more in line with a sentencing hearing rather than a detention hearing, focusing on Mr. Govoni being guilty. (*See* Doc. 41). Thus, it appeared that the Court was more swayed by the charges alleged against Mr. Govoni, including statements by the victims, instead of focusing on a set of conditions of release that would ensure his appearance. Indeed, the Government originally agreed to Mr. Govoni's pre-trial release until the Court presented additional time to the Government to argue for detention. As set forth above, the first two statutory considerations are not dispositive factors justifying Mr. Govoni's detention. This is further underscored by 18 U.S.C. § 3142(j), which provides "**Presumption of innocence.** Nothing in this section shall be construed as modifying or limiting the presumption of innocence." *Id.* (emphasis added). Therefore, Mr. Govoni should not be presumed guilty and such presumption is not a basis for detainment.

  b. The history and characteristics of Mr. Govoni

  This factor weighs heavily in favor of Mr. Govoni, supporting that he should be released pending trial. Notably, he is a United States citizen; has significant ties to the community; has resided in this district for numerous years with his wife who he has been married to for approximately 36 years; has no prior criminal history, including no prior failures to appear and no prior use of alcohol or drugs. Importantly, despite Mr. Govoni being investigated, he remained in the district and did not attempt to flee. In this respect, "[i]n economic fraud cases, it is particularly important that the

government proffer more than the fact of a serious economic crime that generated great sums of ill-gotten gains." *United States v. Giordano*, 370 F. Supp. 2d at 1264; *See e.g. United States v. Quartermaine*, 913 F.2d at 917 (considering defendant's prior drug usage a proper consideration for detainment).

"Merely having access to significant funds is not enough; evidence of strong foreign family or business ties is necessary to detain a defendant even in the face of a high monetary bond." *United States v. Giordano*, 370 F. Supp. 2d at 1264. In this respect, at the detention hearing, the Government offered nothing more than "[a] mere theoretical opportunity for flight [which] is not sufficient grounds for pretrial detention." *Id.* (citing *United States v. Himler,* 797 F.2d 156, 162 (3d Cir. 1986). Thus, the Government provided no competent evidence of Mr. Govoni having access to large sums of money to finance a flight out of the country. Moreover, the Government's guess at the detention hearing that Mr. Govoni had access to a plane is speculation at best and not sufficient grounds for detention. *Id.*

Certainly, there is absolutely no evidence that Mr. Govoni has any foreign family or business ties, including an abundance of recent foreign travel which justifies detainment. *United States v. Koenig,* 912 F.2d 1190, 1193 (9th Cir. 1990); *Cf. United States v. Ellis*, 646 Fed. Appx. 889, 890 (11th Cir. 2016) (determining defendant having world-wide access to obtain false travel documents including prior travels world-wide and altered expiration date of her passport, demonstrated flight risk); *Cf. United States v. Kachkar*, 701 Fed. Appx. 744, 747 (11th Cir. 2017) (determining after initial release

on bond, ordering defendant detained because no conditions of release would ensure his appearance at trial due to being flight risk with ties to Russia and Libya in which the United States does not have extradition treaties and he possessed Russian bank cards along with a Russian bank account).

There is also no evidence that Mr. Govoni has made a prior attempt to flee in this case, that he has a plan to leave, or that he has other aliases. *United States v. Giordano* 370 F. Supp. 2d at 1264; *But see, United States v. Quartermaine*, 913 F.2d at 917 (explaining community ties outweighed by family ties to Honduras, and statement to law enforcement suggesting he would flee); *Cf. United States v. Ellis*, 646 Fed. Appx. at 890 (determining defendant having world-wide access to obtain false travel documents including prior travels world-wide and altered expiration date of her passport, demonstrated flight risk); *Cf. United States v. Maull,* 773 F.2d 1479, 1488-89 (8th Cir. 1985) (en banc) (bolstering finding for flight risk where defendant had plans to flee prosecution and had foreign contacts in South America to aid in flee). Clearly, without evidence that Mr. Govoni has resources or ties to foreign nations further strengthens that he is not a flight risk. In this regard, there is no evidence Mr. Govoni has attempted to flee this jurisdiction. On the contrary, Mr. Govoni moved to Florida in 1984, residing here for forty-one years. Significantly, his family members live locally including his two children and grandchildren, further demonstrating his strong ties to this jurisdiction. Mr. Govoni's familial ties to Florida cements that he will not flee this jurisdiction.

Based on the charges set forth in the Indictment, Mr. Govoni should be

released pending trial with conditions set forth by the Court.  Although not proffered at the detention hearing, the undersigned has possession of Mr. Govoni's passport, and it will be relinquished to Pretrial Services upon release.  Absent evidence that Mr. Govoni has the ability, or foreign connections, to aid him in forging travel documents, Mr. Govoni will not be able to flee this country.  Moreover, electronic monitoring would also ensure his presence in this jurisdiction. The courts generally permit defendants like Mr. Govoni charged with crimes involving economic fraud, released pending trial, and the failure to do so in this case was error. *See United States v. Fard*, No. 8:17-cr-131-T-33MAP, 2017 U.S. Dist. LEXIS 234277, at *2 (M.D. Fla. July 26, 2017) (involving case of alleged wire fraud in obtaining government funds, defendant remained on a $50,000 bond along with electronic monitoring and surrendering his passport). *See also, United State v. Leclercq*, No. 07-80050-CR-MARRA/VITUNAC, 2007 U.S. Dist. LEXIS 92771 (S.D. Fla. Dec. 13, 2007) (explaining defendant appeared in the Middle District of Florida for charges involving money laundering large sums of money and could only be released pending trial upon posting a fully secured bond of $500,000, to assure appearance in court); *United State v. Kaplowitz*, 2014 U.S. Dist. LEXIS at **15-16 (granting defendants' motions for revocation of pretrial detainment in case involving conspiracy to commit health care fraud and wire fraud, determining bond for each defendant $1 million 10% bond with Nebbia, with a $2 million personal surety bond cosigned by (family member), surrender U.S. passports, with one defendant being on home confinement); *United States v. Giordano*, 370 F. Supp. 2d 1256 (involving defendant arrested pursuant to a Grand Jury

Indictment charging him with thirty-five counts of conspiracy, mail fraud, wire fraud and money laundering, involving a long-running fraud producing enough sums to finance a flight; defendant released reasoning he was not charged with a narcotic crime or crime of violence, does not have criminal history predicating a presumption of detention and the Government did not present sufficient evidence to rebut preponderance of evidence for risk of flight); *See e.g. United States v. Devilliers*, No. 04-20159-CR-GOLD, 2004 U.S. Dist. LEXIS 28245 (S.D Fla. April 14, 2004) (involving a RICO case where defendant had strong ties to the community, no ties to foreign country, no previous criminal record, determining conditions of release be imposed assuring appearance of defendant was $500,000 ten percent bond with Nebbia condition, one million dollar personal surety bound co-signed by other persons with significant collateral at risk, limiting conditions of travel and being placed on electronic monitoring). Accordingly, Mr. Govoni's strong community ties heavily weigh in favor of pre-trial release.

    c. <u>The nature and seriousness of the danger to any person or the community that would be posed by the person's release</u>

The Court failed to consider a set of conditions of release that would ensure that the community would be safe, as suggested by the Government, from any "alleged future" obstruction of financial detriment to the victims in this case. Thus, a defendant may only be detained "in certain limited number of circumstances, irrespective of whether [his] release may jeopardize public safety." *United States v. Byrd,* 969 F.2d. at 109-10; *See United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988) (determining pre-trial

detention on dangerous grounds is not authorized when not involving a case under §
3142(f)(1) without an express finding that there is a serious risk defendant will engage
in conduct set forth in § 3142(f)(2)(B) and no condition of combination of conditions
will reasonably assure the safety of the community). In this respect, a "threat of
continuing economic fraud" does not trigger a right to detention. *See United States v.*
*Giordano*, 370 F. Supp. 2d at 1258, 1271 (explaining danger that a defendant would
continue to engage in fraudulent activity "must still be grounded on the ultimate
conclusion that [he] would pose a risk of flight"). Here, the Government has provided
no competent evidence that Mr. Govoni has access to other funds. The Government
only speculated based upon circumstances involved in the bankruptcy case that Mr.
Govoni may attempt to commit future fraudulent activity with respect to assets.
However, such speculation is not sufficient to meet its burden for detainment. Further,
any finding that Mr. Govoni is a danger because he *may* engage in fraudulent activity
must be grounded on the basis that he is a flight risk, which he is not. *Id.* The Court
can unequivocally fashion appropriate conditions of release, including Mr. Govoni
having no access to financial accounts and removal of computers or electronics from
his home to prevent such access. *See United States v. Kaplowitz*, 2014 U.S. Dist. LEXIS
at *14 (explaining that the "thought" that a defendant may engage in economic crimes
to the detriment of the community is speculation and conditions of release can
"certainly be fashioned to guard against that possibility"); *See also United States v.*
*Hendricks*, No. 3:19-cr-148-J-32PDB, 2019 Dist. LEXIS 198346 at * 4 (M.D. Fla. Nov.
15, 2019) (involving grand jury indictment for twelve counts of wire fraud, granting in

part motion for reconsideration of detention order setting conditions of release partly based on no indication defendant had access to funds not accounted for; setting unsecured bond and defendant must remain in custody of a third party custodian, with electronic monitoring, surrender passport and not participate in any financial transactions); *United States v. Fard*, No. 8:17-cr-131-T-33MAP, 2017 U.S. Dist. LEXIS 234277, ** 2 (M.D. Fla. July 26, 2017) (involving case of alleged wire fraud in obtaining government funds, defendant released on bond along with electronic monitoring and surrendering his passport). Indeed, Mr. Govoni is "hardly to consider, let alone engage in, any criminal acts while [he] await[s] trial." *United States v. Kaplowitz*, 2014 U.S. Dist. LEXIS at *12.

Additionally, the Court also has within its jurisdiction to remove Mr. Govoni's pretrial release and detain him if he attempts to commit any future illegal activities regarding funds. *See e.g. United States v. Kachkar*, 701 Fed. Appx. at *2 (involving various counts of wire fraud, defendant's condition of release included a million corporate surety bond, a million personal surety bond with two cosigners, home confinement with electronic monitoring, and surrendering his travel documents, but the Government later sought detention after discovering ties to Russia). At this stage of the case, undoubtedly the Government has been and will continue to monitor Mr. Govoni's financial actions. Significantly, there is no competent evidence that Mr. Govoni has access to other accounts or funds.

Moreover, this is a complex case involving various charges in which Mr. Govoni being available to his counsel is crucial in defending his case. Further, as

15

discussed at the pre-trial detention hearing, Mr. Govoni is a 67-year-old in poor physical health with various health conditions including atrophy of the brain, a very serious medical condition.    Due to his poor health condition, Mr. Govoni certainly has an incentive to stay in this jurisdiction where his doctors are located, continuing his much-needed treatment and being cared for by his wife. *See e.g. United States v. Gomez*, No. 6:20-cr-80-RBD-DCI, 2025 U.S. Dist. LEXIS 118966, *6 (M.D. Fla. June 9, 2025) (reducing defendant's sentence under the First Step Act and releasing defendant due to a worsening medical condition, explaining that the defendant does not have "to claim that [he is] entirely unable to care for [himself] at the time of filing" of the motion.); *See also United States v. Madoff*, 586 F.Supp.2d 240 (S.D.N.Y. 2009) (determining in a securities fraud case a combination of conditions of release could reasonably assure the defendant's appearance in court and the safety of the community despite the defendant's possession of substantial assets and an extraordinary alleged loss amount stemming from the offense).  Mr. Govoni will not receive the much-needed health care he needs if he continues to be detained. *Id.*  Notably, this Court has entered a Medical Order, acknowledging Mr. Govoni has diabetes, high blood pressure, brain injuries, and cardiovascular conditions in which he takes various medications for these acute medical infirmities.  (Doc. 30).  It is highly unlikely Mr. Govoni will receive the essential care he requires for these complex ailments. Consequently, detainment will only exacerbate his failing health, hindering his ability to aid his attorney in his defense.  Mr. Govoni's poor health further reinforces the fact that he will not flee this jurisdiction.  Accordingly, Mr. Govoni's Order for Detention

16

should be revoked, and he should be released pending trial.

**WHEREFORE,** defendant, Leo Joseph Govoni, respectfully requests this Honorable Court to review his Order of Detention, grant his Motion for Revocation of the Order of Detention Pending Trial and order he be released pending trial.

Respectfully Submitted,

/s/ Paul M. Sisco
**Paul M. Sisco, Esq.**
FBN: 964484
The Law Office of Paul M. Sisco
201 E. Kennedy Boulevard, Suite 412
Tampa, FL 33602
P: (813) 225-1988
F: (813) 225-1392
psisco@paulsiscolaw.com
*Limited Appearance,*
*as Counsel for the Defendant, Leo Joseph Govoni[1]*

/s/ Cynthia C. Sonnemann
Cynthia C. Sonnemann[2]
Sisco-Law
csonnemann@sisco-law.com
Florida Bar No. 605581
777 S. Harbour Island Blvd.
Suite 320
Tampa, FL  33602
(813) 224-0555
(813) 221-9736 Facsimile

---

[1] Undersigned counsel, Paul M. Sisco with The Law Office of Paul M. Sisco, files this motion only in a limited capacity as noted.  My office has not been retained for purposes of representing Mr. Govoni for this Indictment and does not anticipate that that will happen.
[2] Undersigned, Cynthia C. Sonnemann with Sisco-Law has been retained by The Law Office of Paul M. Sisco to aid in the drafting of this motion and in congruence with the limited appearance as set forth in footnote 1.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 9, 2025, a true and correct copy of the foregoing has been furnished via mail or filed electronically via CM/ECF to all counsel of record and to the following parties:

Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa Street, Suite 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: michael.gordon3@usdoj.gov

Jennifer L. Peresie
Assistant United States Attorney
United States Attorney No. 120
Florida Bar No. 1026025
400 N. Tampa Street, Suite 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Jennifer.peresie@usdoj.gov

   /s/ Paul M. Sisco
**Paul M. Sisco, Esq.**
FBN: 964484
The Law Office of Paul M. Sisco
201 E. Kennedy Boulevard, Suite 412
Tampa, FL 33602
P: (813) 225-1988
F: (813) 225-1392
psisco@paulsiscolaw.com
*Limited Appearance,*
*as Counsel for the Defendant, Leo Joseph Govoni*[3]

---

[3] Undersigned counsel, Paul M. Sisco with The Law Office of Paul M. Sisco, files this motion only in a limited capacity as noted. My office has not been retained for purposes of representing Mr. Govoni for this Indictment and does not anticipate that that will happen.